IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

EQT CORPORATION,

            Petitioner,

v.                                  CIVIL ACTION NO. 2:13-cv-02552

GREGORY TONEY,

            Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is EQT Corporation's Petition for Order Compelling Arbitration Pursuant to 9 U.S.C. § 4 [Docket 1] and the Respondent's Motion to Dismiss [Docket 13]. The motion to dismiss has been fully briefed and is ripe for review. For the reasons discussed below, EQT's Petition for Order Compelling Arbitration Pursuant to 9 U.S.C. § 4 [Docket 1] is **DENIED** and Respondent's Motion to Dismiss [Docket 13] is **GRANTED**.

**I.    Background and Procedural History**

This case arises from alleged unlawful discrimination by the petitioner EQT Corporation ("EQT") against the respondent Gregory Toney ("Toney"). Toney began working for Ashland Oil—which eventually became EQT—as a well operator in 1981. In 2005, Toney was promoted to the position of Assistant Superintendent. In 2007, EQT and Toney entered into a written Alternative Dispute Resolution Program Agreement (the "ADR Agreement"). In 2008, D. Ryan Crowe ("Crowe") became Toney's direct supervisor.

1

Toney alleges that Crowe "began a course of discriminatory conduct towards" Toney. (Resp.'s Mot. to Dismiss [Docket 13], at 1).[1] According to Toney, he reported this conduct to EQT, but no action was taken and the discriminatory conduct escalated. On December 19, 2011, Toney was suspended without pay from his employment pending an investigation into accusations of work-related misconduct. On January 26, 2012, Toney received a letter from Crowe which terminated Toney from his employment.

On May 9, 2012, Toney filed his Complaint against EQT and Crowe in the Circuit Court of Kanawha County. On June 13, 2012, EQT filed a motion to dismiss and to compel arbitration, or in the alternative to stay pending arbitration, in the Circuit Court. The Circuit Court denied EQT's motion and held that "[t]he Defendants may revisit this issue at the Summary Judgment phase of this matter, should they deem it appropriate." (Order Denying Defs.' Mot. to Dismiss this Proceeding & Compel Arbitration or, in the Alternative, to Stay this Proceeding Pending Arbitration [Docket 13-5], at 5) [hereinafter Circuit Court Order]. Rather than limiting discovery to matters related to the formation and validity of the ADR Agreement, the Circuit Court ordered the parties to conduct discovery on the merits. (*See id.*). On February 1, 2013, EQT filed the instant petition in this court.

## II.     Discussion

The parties present three issues for the court: (1) whether the petition should be dismissed based upon *res judicata*; (2) whether the court should abstain from hearing this action due to the parallel state court proceedings, and; (3) whether the ADR Agreement violates West Virginia

---

[1] For purposes of this Memorandum Opinion and Order, the particular acts of alleged discriminatory conduct set forth in Toney's motion is irrelevant.

2

contract law.[2] Because I **FIND** that the court should abstain from hearing this action, I do not reach the issue of whether the ADR Agreement is valid and enforceable under West Virginia law.

    **A.**    *Res Judicata*

A lawsuit is barred by *res judicata* if three elements are satisfied: "(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action." *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (quoting *Aliff v. Joy Mfg. Co.*, 914 F.2d 39, 42 (4th Cir. 1990)); *see also Slider v. State Farm Mut. Auto Ins. Co.*, 210 W. Va. 476, 480 (2001). Toney argues that all three elements are met:

> First, the state court litigation resulted in a final judgment on the merits regarding the unenforceability of the instant ADR provision. . . . Second, the matter put before this Court, the enforceability of an arbitration provision, is the exact same issue decided by the state court. Third, the parties before this Court and the parties [before the state court] are identical, with the sole exclusion of Defendant D. Ryan Crowe from the state court action . . .

(Respondent's Mot. to Dismiss [Docket 13], at 5-6).[3] EQT does not take issue with the second or third elements, but contends that there has been no final determination on the merits in state court regarding the enforceability of the arbitration agreement. A review of the Circuit Court Order reveals that no final judgment on the merits has been issued. The Circuit Court denied EQT's motion to dismiss and compel arbitration. While a dismissal of claims under Rule 12(b)(6) is presumed to be on the merits, a denial of a motion to dismiss does "not amount to a final adjudication on the merits." *S. States Coop. Inc. v. I.S.P. Co., Inc.*, 198 F. Supp 2d. 807

---

[2]    Toney does not contend that his claims against EQT are not arbitrable under the ADR Agreement.
[3]    In his reply, Toney also argues that collateral estoppel applies. Collateral estoppel also requires a showing of a "final adjudication on the merits of the prior action." *State ex rel. McGraw v. Johnson & Johnson*, 226 W. Va. 677, 688 (2010) (quoting *State v. Miller*, 194 W. Va. 3 (1995)).

(N.D. W. Va. 2002). Additionally, it is abundantly clear that the Circuit Court did not rule on the *merits* of whether the ADR Agreement is enforceable. Rather, the Circuit Court ordered the parties to "further develop the facts regarding the ADR agreement at issue in this matter . . . through the course of discovery" because the Circuit Court found that the enforceability of the ADR Agreement could not be resolved at that stage. (Circuit Court Order [Docket 13-5], at 5). Since the Circuit Court did not reach a final adjudication on the merits of whether the ADR Agreement was enforceable, the Supreme Court of Appeals of West Virginia's denial of EQT's writ petition also fails to constitute a final adjudication on the merits of that question.

B.   *Abstention*

Toney argues that the court should abstain from hearing the instant petition based upon *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983). "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). If parallel federal and state suits exist, which they do here, "a district court must carefully balance several factors, 'with the balance heavily weighted in favor of the exercise of jurisdiction.'" *Chase Brexton Health Servs., Inc. v. Maryland*, 411 F.3d 457, 463 (quoting *Moses H. Cone*, 460 U.S. at 16)). The Fourth Circuit has identified six factors, based on *Moses H. Cone*, to guide this analysis:

> (1) whether the subject matter of the litigation involves property where the first court may assume *in rem* jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights.

*Id.* at 463-64. The Fourth Circuit has re-emphasized that "[i]n the end, however, abstention should be the exception, not the rule, and it may be considered only when 'the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties.'" *Id.* at 464 (quoting *Moses H. Cone*, 460 U.S. at 28).

Here, the first two factors weigh against abstention. First, where the proceedings are *in personam* and neither the state nor federal proceeding "has jurisdiction over the property," the factor weighs against abstention. *Gannett Co. v. Clark Constr. Grp., Inc.*, 286 F.3d 737, 747 (4th Cir. 2002). Second, Toney has not argued that the federal forum is inconvenient, nor would such an argument likely hold any weight, considering the close proximity of the Circuit Court of Kanawha County to this district court.

Under the third factor, it is true that a court order compelling Toney to arbitrate his claims against EQT will result in piecemeal litigation because his claims against Crowe will remain pending in state court. However, this court has previously analyzed a similar situation and concluded "that the relevant question for abstention purposes is not simply whether granting the plaintiff's relief will result in piecemeal litigation, but whether it is the *federal court*'s involvement in the case that will lead to piecemeal litigation." *United Serv. Prot. Corp. v. Lowe*, 354 F. Supp. 2d 651, 656 (S.D. W. Va. 2005) (emphasis in original); *see also E. Associated Coal Corp. v. Skaggs*, 272 F. Supp. 2d 595, 600 (S.D. W. Va. 2003). I note that in this case, although Crowe was sued in his individual capacity, both EQT *and* Crowe moved to compel arbitration in state court. (*See* Defs.' Mot. to Dismiss this Proceeding & Compel Arbitration or, in the Alternative, to Stay this Proceeding Pending Arbitration [Docket 1-5]). Given that Crowe was not a signatory to the ADR Agreement, it was very possible that piecemeal litigation would have

resulted, compelling Toney to arbitrate his claims against EQT while his claims against Crowe proceeded in state court. In sum, threat of piecemeal litigation "arises from the existence of the arbitration clause . . . which may require [Toney] to arbitrate [his] claims against [EQT] but which will not require arbitration of [his] claims [against Crowe]." *Lowe*, 354 F. Supp. 2d at 656.

Under the fourth factor, as a matter of comity, the more the state has invested its time and resources into the proceedings, the less appropriate it is for a federal court to intervene and disrupt those proceedings. *See Gannett Co.*, 286 F.3d at 748. Here, the state court action was filed in May 2012, the Circuit Court ruled on EQT's motion to dismiss in October 2012, and it was not until February 2013 that EQT filed the instant petition. Toney notes that Toney and Crowe were deposed earlier this month and that the Circuit Court has set trial to begin on June 17, 2013. In *Lowe*, I found that this factor did not weigh in favor of abstention because (1) "the state-court action was filed approximately two months before the federal action" and (2) "no substantial proceedings have taken place in the state court, and there has not been a significant expenditure of time and resources." *Lowe*, 354 F. Supp. 2d at 657. In contrast, in *Skaggs*, I found that this factor weighed in favor of abstention because the underlying case had been pending in state court for three years prior to the federal action to compel arbitration was filed. *Skaggs*, 272 F. Supp. 2d at 601.

EQT argues that the state suit has not progressed "toward resolving the relevant question, namely, the arbitration question," and that the issue "can be resolved efficiently, as the [Federal Arbitration Act] demands—only if this Court retains jurisdiction and decides it." (Resp. in Opp'n to Mot. to Dismiss [Docket 17], at 11-12). EQT further argues that its compliance with the state court's order to conduct discovery does not weigh in favor of abstention, because (1) it is not the

6

type of progress that would warrant abstention; (2) discovery obtained would be equally available to the parties in state or federal court; and (3) EQT's actions "show EQT has *not* purposefully availed itself of the state's jurisdiction." (*Id.* at 12). I find EQT's arguments unconvincing. Although the record before the court does not contain the Circuit Court's scheduling order, the fact that—according to Toney—a trial date has been set for June 17, 2013 means that summary judgment motions would necessarily be due in the near future. The Circuit Court has explicitly stated that EQT may visit the arbitration issue at summary judgment. After considering the record before the court and the parties' arguments, I **FIND** that the fourth factor weighs in favor of abstention.

The fifth factor weighs in favor of abstention. Certainly, the Federal Arbitration Act ("FAA") "establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone*, 460 U.S. at 24-25. However, the issue of whether the instant matter should be arbitrated is not presented as a question of the arbitrability of the claims, but rather as whether the ADR Agreement is enforceable. For example, Toney's response in the Circuit Court argued one primary point: that "[t]he ADR in question is unenforceable and invalid under West Virginia contract law for several reasons." (Pl.'s Resp. in Opp'n to Defs.' Mot. to Dismiss this Proceeding & Compel Arbitration or, in the Alternative, to Stay this Proceeding Pending Arbitration [Docket 1-6], at 4). Toney's motion to dismiss argues only three points: (1) *res judicata*, (2) abstention, and (3) unenforceability and invalidity of the ADR Agreement. In sum, the question is not whether the claims are arbitrable, but rather, whether the arbitration provisions in the contract are

7

enforceable. West Virginia state law governs the validity and enforceability of a contract, including arbitration provisions.

The sixth and final factor inquires into the ability of the state court to adequately protect the parties' rights. Here, I have no reason to doubt the adequacy of the state forum. Not only do state courts have concurrent jurisdiction over claims under the FAA, but given the primary question in this matter is whether a contract is valid and enforceable, the state court certainly has the ability to adequately rule upon matters of state contract law.

In weighing the *Moses H. Cone* factors, I do not consider EQT's motivations for filing the instant petition. Neither the Supreme Court nor the Fourth Circuit has adopted the motivation of a party in pursuing parallel litigation as a relevant factor. *See MidAtlantic Int'l, Inc. v. AGC Flat Glass N. Am., Inc.*, 497 F. App'x 279, 284 n.* (4th Cir. 2012). I do note, however, that there is little evidence to support Toney's argument that EQT had any improper motive in this case. EQT could certainly have reasonably believed that the Circuit Court or the Supreme Court of Appeals of West Virginia would have ruled in its favor, and the instant petition would not have been necessary. Additionally, because the state courts did not make a final determination on the merits, EQT certainly did not have any improper motive for filing the petition in order to avoid the expenses of proceeding through discovery on the merits of the state law claims.

After consideration of the factors together in light of the particular circumstances of this case, I **FIND** that this case presents the sort of "exceptional circumstances" warranting abstention. I have no reason to doubt EQT's ability to pursue its rights in the state court system, and particularly given the stage of litigation and scheduling order in the state court, I cannot find

that the arbitration issue can only be resolved efficiently in this court. Accordingly, I abstain from exercising my jurisdiction over EQT's petition.

## III. Conclusion

For the reasons discussed above, I abstain from exercising my jurisdiction over EQT's petition. Accordingly, EQT's Petition for Order Compelling Arbitration Pursuant to 9 U.S.C. § 4 [Docket 1] is **DENIED** and Respondent's Motion to Dismiss [Docket 13] is **GRANTED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:    April 26, 2013

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE